UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT ISAAC-PETER JONES,

       Movant,

                                Case No. 1:16-cv-824

v.

                                HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.

_____/

**O P I N I O N**

This matter comes before the Court on Movant Vincent Jones's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) and motion to amend or correct (ECF No. 14). On September 9, 2016, the Government filed a response in opposition. (ECF No. 8.) With his motion to amend, Movant included an amended petition. The Court has reviewed the merits of his amended claims. For the reasons that follow, Movant's motion to amend is granted, and his amended § 2255 motion is denied.

**I.**

On August 20, 2013, Movant pleaded guilty to felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1), 921(a), and 924(a)(2), and possession of a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c)(1)(A)(i). This Court sentenced Movant to 152 months. The Court of Appeals for the Sixth Circuit denied Movant's challenge to his

sentence and conviction. *United States v. Vincent Jones*, 620 F. App'x 434, 442 (6th Cir. 2015). Subsequently, Movant filed this motion to vacate, set aside or correct sentence raising claims of ineffective assistance of trial counsel, involuntary plea, and improper sentence enhancement based on *Johnson v. United States*, 135 S.Ct. 2551 (2015). He filed an amended § 2255 motion raising additional claims for warrantless arrest and surveillance in violation of the Fourth Amendment, improper guidelines sentence under § 1B1.10(d) amendments 599 and 782, and ineffective assistance of appellate counsel. Movant also requested an evidentiary hearing, under Rule 8 of § 2255, and court-appointed counsel.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which

inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

### III.

The Government contends that Movant's section 2255 motion must be denied because, as part of his plea agreement, Movant waived the right to collaterally attack his sentence. The Court agrees as to Movant's claims that do not relate to the voluntariness of waiver and whether the waiver was the product of ineffective assistance of counsel.

A movant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Sixth Circuit "enforce[s] such waivers according to their terms, so long as the defendant entered

3

into the plea agreement knowingly and voluntarily." *Hardin v. United States*, 595 F. App'x 460, 461 (6th Cir. 2014). "[A] defendant who knowingly and voluntarily agreed not to contest his sentence in any post-conviction proceeding waived the right to argue in a § 2255 motion that his counsel provided ineffective assistance at sentencing." *Id.* at 462 (citing *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001)).

Based on Movant's statements under oath, the Court finds that Movant's plea was knowing and voluntary. At his plea hearing, the following exchanges occurred:

> THE COURT: And is there anything medically or physically that would keep you in any way from being able to understand and participate in these proceedings?
>
> DEFENDANT JONES: No.
>
> THE COURT: Have you had an adequate opportunity to discuss this matter thoroughly with your attorney, Mr. Kaczor, before coming to the record?
>
> DEFENDANT JONES: Yes.
>
> THE COURT: Are you satisfied with his representations of you?
>
> DEFENDANT JONES: Yes.

(*United States v. Jones*, No. 1:14-cr-62, Change of Plea Hr'g Tr. 3, ECF No. 29, PageID.144.)

> THE COURT: Has anyone, again, threatened you or coerced you in any way that would cause you to enter a plea today of guilty to these two counts?
>
> DEFENDANT JONES: No.
>
> THE COURT: Has anyone made any promise of leniency either directly or indirectly or told you they know by way of prediction what any sentence would

>be other than the minimum penalty on Count 7 and the maximum penalties on Counts 4 and 7?
>
>DEFENDANT JONES: No.
>
>THE COURT: And you are freely and voluntarily entering this plea?
>
>DEFENDANT JONES: Yes.
>
>THE COURT: Do you understand part of the entry of this plea is to waive certain rights of appeal under Paragraph 8 of the plea agreement?
>
>DEFENDANT JONES: Yes, I -- yes.

(*Id.* at PageID.148-49.) This is consistent with the Movant's signed plea agreement, which stated: "[t]his agreement has been freely, knowingly, and voluntarily entered into by both sides, it incorporates the complete understanding between the parties, and no other promises have been made," and that "I have read this Plea Agreement and carefully discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms[.]" (ECF No. 19, PageID.39-40.) The plea agreement included a waiver:

>The Defendant also waives the right to challenge his conviction and sentence and the manner in which the sentence was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel).

(*Id.* at PageID.38.)

When Movant signed the Plea Agreement, he explicitly waived his right to collaterally attack his conviction except for claims of involuntary waiver or that the

5

waiver was the product of ineffective assistance of counsel. Further, in his appeal, the Sixth Circuit enforced the waiver provision on all claims that did not relate to the validity of the waiver itself. *Jones*, 620 F. App'x at 441 ("Jones makes no argument on appeal for why his claim falls outside of the appeal waiver. As a result, Jones waived his right to appeal this issue."). Accordingly, the claims which do not relate to those two exceptions are barred by the waiver. The Court will only address the merits of Movant's claims relating to counsel's inducement to enter the guilty plea.

A. Ineffective Assistance of Counsel

Movant argues that his trial counsel induced him to enter the plea agreement and to waive his right to appeal and collaterally attack his conviction and sentence because counsel did not request a suppression hearing for the drugs and the quantities found. He also claims that counsel induced him to waive his rights to an appeal that were of utmost importance to him.

There is a two-prong test to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within a wide range of professional assistance." *Id.* at 689. This two-

6

part test applies to guilty plea challenges based on ineffective assistance of counsel. "In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence[.]" *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "The second, or 'prejudice' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Movant bears the burden of proof for each prong, and the Court may dismiss a claim of ineffective assistance if he fails to carry his burden of proof on either element. *Strickland*, 466 U.S. at 687, 697.

     Movant argues that his attorney failed to pursue the suppression of evidence for Fourth and Fourteenth Amendment violations. He claims that officers placed him under surveillance without a warrant, and arrested him five times based on information obtained through this surveillance. Movant also argues that counsel failed to assure the proper guideline sentence under U.S.S.G. § 1B1.10(d)'s amendments 599 and 782, and 18 U.S.C. § 924(c).[1] Movant claims that counsel failed to present mitigating evidence at the sentencing phase, which caused him to receive a harsher sentence under § 924(c).

---

[1] Movant cites case law to support the right to effective assistance of appellate counsel, and raises a claim of ineffective assistance of appellate counsel as well, but that claim is barred by the waiver.

During sentencing, Movant's counsel objected to the § 924(c) enhancement, and the Court adjusted the offense level in response. (*Jones*, No. 1:14-cr-00062, Sent., ECF No. 30, PageID.170-71.) His attorney also requested a downward variance. (*Id.* at PageID.173.) Further, Movant had the opportunity to address the Court about the lessons that he learned and his family. (*Id.* at PageID.174-79.) Movant has not shown that counsel's representation fell below the wide range of professional assistance. Even assuming that counsel's performance was deficient, Movant has not shown that he would not have pleaded guilty and would have insisted on going to trial but for counsel's errors. Therefore, his claim of ineffective assistance of trial counsel is without merit.

B. *Johnson* Claim and Sentencing Guidelines Calculation

In connection with his ineffective assistance of counsel claim, Movant also argues that his sentence was enhanced under the Armed Career Criminal Act ("ACCA") in violation of *Johnson*, 135 S.Ct. at 2551, or was increased as a result of a prior conviction for a crime of violence under U.S.S.G. § 2K2.1. The Court did not sentence Movant as an armed career criminal on his felon-in-possession count, and he did not receive any enhancements for prior crimes of violence under § 2K2.1, or as a career offender. His § 924(c) conviction involved possession of a firearm in furtherance of a drug-trafficking crime, not a crime of violence. *See United States v. Taylor*, 814 F.3d 340, 378-79 (6th Cir. 2016) (holding that *Johnson* does not apply to

§ 924(c)). This Court did not enhance Movant's sentence under the residual clause of the ACCA, so his *Johnson* claim is meritless.

## IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims, a certificate of appealability will be denied. A judgment and order will enter in accordance with this opinion.

Dated: November 21, 2016        /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE